NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAEEM SOHAIL KHAN, AKA Mian Manzar, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-72191 <br><br> Agency No. A096-488-016 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 22, 2023
Seattle, Washington

Before: NGUYEN, MILLER, and BUMATAY, Circuit Judges.
Dissent by Judge BUMATAY.

Naeem Sohail Khan, a native and citizen of Pakistan, petitions for review of

a decision of the Board of Immigration Appeals reversing an immigration judge's

grant of his application for cancellation of removal. We have jurisdiction under 8

U.S.C. § 1252, and we deny the petition in part and grant it in part.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. Contrary to Khan's argument, the immigration court had jurisdiction over Khan's removal proceedings even though his notice to appear did not specify the time or date of his hearing. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 755 (2023). We deny the petition as to this claim.

2. Khan argues that the Board failed to review the immigration judge's factual findings regarding his rehabilitation for clear error. *See* 8 C.F.R. § 1003.1(d)(3)(i). Typically, we cannot review the Board's decision that a discretionary grant of cancellation of removal is unwarranted. *Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012). But we have jurisdiction to consider legal questions, including whether the Board "has applied the correct standard of review." *Id.*; *see* 8 U.S.C. § 1252(a)(2)(D).

In determining whether the Board reviewed the immigration judge's factual findings for clear error, we "do not rely on the Board's invocation of the clear error standard." *Soto-Soto v. Garland*, 1 F.4th 655, 659 (9th Cir. 2021) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012)). Instead, the Board is "obligated to explain why" the immigration judge's findings were clearly erroneous. *Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013) (quoting *Ridore*, 696 F.3d at 917). Error is clear only if the findings are "'illogical or implausible,' or without 'support in inferences that may be drawn from the facts in the record.'"

*Rodriguez*, 683 F.3d at 1170 (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 577 (1985)). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson*, 470 U.S. at 574.

In evaluating Khan's rehabilitation, the Board did not review the immigration judge's factual findings for clear error. The immigration judge found that, during Khan's testimony in immigration court, he "admitted freely and openly" to violating court orders that prohibited him from contacting his ex-wife and children, and he "expressed remorse" for his misconduct. The record contained evidence to support that view. Khan testified that he violated court orders on many occasions; that it was wrong for him to do so; and that he was "really sorry." The Board, however, rejected the immigration judge's interpretation of Khan's testimony and found its own, different facts. It determined that Khan "continued to minimize and deny his criminal conduct" during his testimony and that this demonstrated his "lack of remorse." The Board relied on Khan's statement that he was "just responding" to calls that his ex-wife or children had made. But "the clear error standard does not allow" the Board to reverse factual findings when the immigration judge's "account of the evidence is plausible." *Guerra v. Barr*, 974 F.3d 909, 914 (9th Cir. 2020). Because the Board "gave more weight to certain facts in the record than to others" to make findings contrary to those of the

immigration judge, we "infer that the [Board] applied the wrong standard of review." *Soto-Soto*, 1 F.4th at 659. We therefore grant the petition as to this claim, and we remand for the Board to reevaluate the immigration judge's findings under the correct standard of review.

Costs shall be taxed against the respondent.

**PETITION DENIED in part and GRANTED in part; REMANDED.**

*Khan v. Garland*, No. 20-72191
BUMATAY, Circuit Judge, dissenting:

I would deny the petition for review here. While the Board of Immigration Appeals ("BIA") cannot engage in factfinding, it has clear authority to review the Immigration Judge's ("IJ") factual findings for "clear[] error." 8 C.F.R. § 1003.1(d)(3)(i). And here, the best reading of the BIA's decision is that it overturned the IJ's factual findings under that standard.

The BIA found the IJ's finding that Naeem Khan was rehabilitated to be hard to square with the record. And the BIA justified its conclusion: Notwithstanding Khan's expression of remorse during his removal proceedings, his egregious and recent criminal conduct undermines any finding of rehabilitation. Khan repeatedly violated protection and no-contact orders only one year before the IJ found that he was rehabilitated. As the BIA pointed out, such actions show contempt for the criminal justice system and his former spouse and children—the victims of his crimes. The IJ also seemingly credited Khan for his sobriety and his lack of new criminal conduct, but Khan was incarcerated during the entire time after his arrest. That's a thin reed to hang a rehabilitation finding. Finally, the BIA also observed that the IJ ignored significant portions of Khan's testimony when he continued to minimize and deny his criminal conduct and even blamed his victims for his actions. So this is not a case in which the BIA "ignored the IJ's findings" without explaining why. *Ridore v. Holder*, 696 F.3d 907, 919 (9th Cir. 2012). Rather, the BIA

1

"grapple[d] with the evidentiary record" before rejecting the IJ's finding as implausible. *Id.*

I thus respectfully dissent.